## STATE v. BRESLIN et al.

No. 9223—Opinion Filed Dec. 11, 1917.

(169 Pac. 897.)

(Syllabus.)

### Attorney and Client—Disbarment — Collections—Misappropriation.

A firm of attorneys in Kansas forwarded a claim against H. to P. J. B. for collection, who acknowledged receipt and agreed to undertake to collect the same. While P. J. B. was out of the city, his law partner, J. E. B., collected the amount of the claim and placed it in a bank to his own credit and thereafter checked upon the same for his personal use. P. J. B. had no knowledge that the collection had been made until about 10 months thereafter, and about 14 months thereafter forwarded the amount thereof in settlement of the claim. Held, that P. J. B. is not subject to disbarment or suspension from practice for the wrongful

act of his partner in retaining the money belonging to his clients, since he had no connection with the wrongful retention. Held further, that the report of the referee that the license to practice of J. E. B. be suspended for six months should be sustained.

Original disbarment proceeding by the State against P. J. Breslin and J. E. Breslin. License of J. E. Breslin suspended for six months ,and proceeding against P. J. Breslin dismissed.

John F. Curran, for plaintiff.

Fulton, Shirk & Danner, for defendant P. J. Breslin.

TURNER, J. This is an original action for disbarment of P. J. Breslin and J. E. Breslin, duly licensed and practicing attorneys of Guymon, Okla. The facts established by the evidence are substantially: That on or about April 5, 1916, the firm of Dale, Amidon & Buckland, of Wichita, Kan., forwarded to P. J. Breslin, at Guymon, Okla., an account for collection in the sum of $136 against one C. L. Highley, of Hooker, Okla., in favor of the Martin Metal Manufacturing Company, together with a check for $5 for cost deposit. P. J. Breslin acknowledged receipt of said account, accepted the employment, and agreed to undertake the collection of same. On April 21, 1916, the said C. L. Highley came to the office of defendants and gave his check on the Farmers' & Merchants' Bank of Hooker, Okla., covering said account, to J. E. Breslin, which check was made payable to Breslin & Breslin, and indorsed "Breslin & Breslin, by J. E. Breslin," and deposited to the credit of said J. E. Breslin in the Texas County Bank of Guymon, which check was paid by the bank upon which it was drawn on April 29th. J. E. Breslin afterwards checked out said account for his own personal use. The evidence further shows that, while defendants held themselves out as partners in the practice of the law, under the name of Breslin & Breslin, and had a sign over their door, "Breslin & Breslin," each testified that they were not then nor never had been, partners; that, at the time J. E. Breslin made this collection, P. J. Breslin was not in the city, and, so far as the evidence discloses, did not know that the same had been collected until some time in December or January following. The evidence further shows that the firm of Dale, Amidon & Buckland held the bond of the United States Fidelity & Guaranty Company, guaranteeing the fidelity of P. J. Breslin at the time this claim was sent for collection; that after the discovery by said company that the collection had been made and had not been paid over, and

after they had demanded payment by letter which had not been answered, said company paid the said firm of Dale, Amidon & Buckland the whole of said account, less collection fees; that the check for $5 costs sent by said firm to J. E. Breslin had not been cashed, and it was returned, along with a check for $136, the amount of the claim collected, to said guaranty company on April 23, 1917; that this check was presented by said guaranty company, through an attorney at Guymon, for collection on May 4th, but that the same was turned down on account of insufficient funds. At the time of the presentation of said check, P. J. Breslin was out of the city, and did not return until the latter part of May, at which time the check was again presented and was paid on June 2d. This settlement was effected without any knowledge or notice that disbarment proceedings were going to be instituted against said Breslin & Breslin.

Upon this evidence, the referee made the following findings of fact:

"(1) Phillip J. Breslin and James E. Breslin are attorneys engaged in the practice of law at Guymon, Okla.

"(2) Said Phillip J. Breslin and James E. Breslin held themselves out as partners engaged in the practice of law at Guymon, Okla., during the period covered by this investigation.

"(3) Phillip J. Breslin received the collection item against C. L. Highley for about $136 on the date alleged in the petition, and James E. Breslin collected the amount from Highley in the name of Breslin & Breslin on the date alleged in the petition and deposited same in a bank at Guymon to the credit of James E. Breslin and checked against this fund for his personal use.

"(4) The amount collected was not paid by either Phillip J. Breslin or James E. Breslin until June, 1917.

"(5) Phillip J. Breslin and James E. Breslin both knew that the money collected from Highley was the proceeds of a collection sent by the firm of Dale, Amidon & Buckland, and their knowledge of this fact dates from no later time than during the summer of 1916.

"(6) That both members of said firm knew of repeated demands made by the firm of Dale, Amidon & Buckland for remittance of the money collected, and the said demands having been made upon them during the summer and fall of 1916, but neither the said Phillip J. Breslin nor James E. Breslin replied to said demands or made any effort to remit the money collected to the firm of Dale, Amidon & Buckland.

"(7) Phillip J. Breslin and James E. Breslin were each away from Guymon a great deal of the time from the receipt of the collection until June, 1917, and, during the absence of one, the other member of the firm seems not to have been advised to care for unfinished business of the firm which was supposed to have been committed to the absent member.

"(8) The money collected from Mr. Highley was finally remitted for by Phillip J. Breslin, and this was done without knowledge on the part of Phillip J. Breslin or James E. Breslin that disbarment proceedings would be commenced against them."

And rendered the following conclusions of law:

"(1) An attorney who collects money for a client and does not remit for a period of more than a year after the collection thereof, without explanation, and after repeated demands for remittance from his client, has converted said money, especially where the money collected by him has been placed to his credit in a bank and has been subject to the check of such attorney.

"(2) If an attorney collects money for a client and commingles this with his own funds by making deposit of such money to his own personal account, it is not embezzlement unless there exists an intent on the part of such attorney to deprive the client of the money and not to account to him therefor.

"(3) No circumstances in which an attorney may be placed will warrant him in appropriating to his personal use moneys of his client, or justify him in failing to account therefor when demand is made upon him for the money.

"(4) Where a firm of attorneys knowingly make a collection for a client and retain the money in their possession for a period of more than a year, and make no effort to remit the money to the client after repeated demands made upon them, it is immaterial whether one member of the firm appropriated the money to his own use and benefit, or whether both members so appropriated it, and such conduct on the part of an attorney, or a firm of attorneys, is sufficient to warrant a suspension or revocation of the license of such attorneys."

And made the following recommendation:

"In view of the fact that the undisputed evidence shows the firm of Breslin & Breslin received the collection item in question in the month of April, 1916, and made the collection from the debtor during the same month, and did not remit the amount collected, less their fees for collecting, for a period considerably longer than one year after the money was collected, and without any good reason or explanation therefor, it is my recommendation that the licenses of the said Phillip J. Breslin and James E. Breslin to practice law in Oklahoma be suspended for a period of six months, the time for such suspension to begin and end as the Supreme Court may determine."

Motion has been filed by plaintiff to confirm the report of the referee.

Defendant P. J. Breslin has filed his brief, and contends that the fourth conclusion of law above set forth and the recommendation to the effect "that the undisputed evidence shows that the firm of Breslin & Breslin received the collection item in question in the month of April, 1916, and made the collection from the debtor during the same month," etc., are not supported by the facts as found by the referee. We are of opinion that this contention must be sustained.

The referee found that this claim was collected by J. E. Breslin and deposited to his personal account; that he checked against this fund for his personal use. The evidence further shows that this collection was made while defendant P. J. Breslin was out of the city, and that he was not informed thereof until several months thereafter. While the referee found that defendants held themselves out as partners, yet he also found that, in the absence of one of the firm, the other does not seem to have attended to the business of the firm. The facts found by the referee do not justify the conclusion reached on behalf of P. J. Breslin. This for the reason that the evidence does not show that he participated in the collection and withholding this money from his client, or that he ever had this money in his possession. Conceding that defendants are partners, under the evidence in this case, the collection of this claim and the misappropriation thereof by said J. E. Breslin, without the knowledge or consent of P. J. Breslin, that fact alone does not justify the suspension from practice of P. J. Breslin, since there is no evidence to connect him with the wrong charged. This for the reason stated in 2 R. C. L. 1096, § 189:

"If moneys are collected by a member of a firm of attorneys and misappropriated by one of their number, while all are liable to the client, only one of them may be morally answerable for the misappropriation, and, where this is the case, the guilt of one member cannot justify the disbarment of the innocent members, nor can they be disbarred because they have not satisfied their civil liability by paying over the moneys for which they are so answerable, but in the misappropriation of which they are not implicated."

In a valuable note to the case Matter of Wilson, 79 Kan. 674, reported in 17 Ann. Cas. 690, the author states the rule as follows:

"A member of a firm of attorneys is not subject to disbarment for the wrongful acts of his partner in retaining money belonging to a client of the firm, where such member has no connection with the wrongful retention. Although all the members of a firm may be liable in an ordinary civil action in such a case, to justify an order to strike an attorney off the rolls the attorney complained of must be personally in default."

The court approves the report of the referee suspending the license to practice law of J. E. Breslin for a period of six months; said suspension to begin on this date. But the court disapproves the finding of the referee with reference to P. J. Breslin, and is of opinion that the proceeding should be dismissed as to him, for the reason that no cause as against him for suspension is shown by the evidence.

All the Justices concur.